**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Expeditors International of Washington, Inc., <br><br>            Plaintiff, <br><br>vs. <br><br>Synergy Cargo Logistics, Inc., an Arizona corporation; Towne Air Freight, Inc., an Indiana corporation; Towne Air Freight, LLC, an Indiana corporation; Towne Holdings, Inc., an Indiana corporation, <br><br>            Defendants. | No. CV-10-1347-PHX-GMS <br><br>**ORDER** |

Pending before this Court is Motion to Dismiss (Doc. 11) filed by Defendants Synergy Cargo Logistics, Inc., Towne Air Freight Incorporated, Towne Air Freight, LLC, and Towne Holdings, Inc. ("Defendants"), and a Motion for Leave to File a Sur-Reply filed by Plaintiff Expeditors International of Washington, Inc. ("Expeditors"). For the reasons provided below, the Court denies the Motion to Dismiss without prejudice and denies as moot Plaintiff's Motion to File a Sur-Reply.

Defendants' motion argued that the Carmack Amendment "governs the liability of carriers for lost or damaged goods and mandates that it is the *exclusive* remedy against such carriers. Consequently, the Carmack Amendment preempts all state laws that impose liability on carriers, including Plaintiff's breach of contract claim." (Doc. 11 (emphasis added)). In its Response, Expeditors asserted that Defendants' motion should be denied because the

1  "Supreme Court held that the Carmack Amendment does *not* apply to the inland segment of
2  a shipment originating overseas under a single through bill of lading." (Doc. 12 (citing
3  *Kawasaki Kisen Kaisha Ltd. v. Regal-Beloit Corp.*, 130 S.Ct. 2433, 2446 (2010))). In their
4  Reply, Defendants agreed, stating that "[a]s Plaintiff's [sic] have asserted, this case does not
5  fall under the Carmack Amendment." (Doc. 13). After conceding that the Carmack
6  Amendment is not applicable to this case, Defendants raise a new argument that Plaintiff's
7  claims should nevertheless be dismissed because the Carriage of Goods by Sea Act
8  ("COGSA") is the exclusive remedy.

9  The Court need not consider Defendants' COGSA argument because it was raised for
10 the first time in their Reply. *See Delgadillo v. Woodford*, 527 F.3d 919, 930 n.4 (9th Cir.
11 2008) ("Arguments raised for the first time in [the] reply brief are deemed waived."); *Marlyn
12 Nutraceuticals, Inc. v. Improvita Health Prods.*, 663 F. Supp.2d 841, 848 (D. Ariz. 2009)
13 ("The Court need not consider Defendants' position, however, since it was first raised in their
14 reply brief . . . Thus, even if the argument has merit, this Court cannot appropriately consider
15 it, since Plaintiffs did not have the opportunity to respond.").

16 **IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss (Doc. 11) is
17 **denied without prejudice**.

18 **IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File Sur-Reply
19 Memorandum (Doc. 14) is **denied as moot**.

20 DATED this 21st day of December, 2010.

G. Murray Snow
United States District Judge